UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN CRUZ, | } | |
| ON BEHALF OF HIMSELF | } | |
| ALL OTHERS SIMILARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| V | } | |
| | } | |
| CONSTAR FINANCIAL SERVICES, LLC, | } | |
| EMPEREON-CONSTAR, | } | |
| EMPEREON INTERNATIONAL MEMBER, LLC, | } | |
| NAVIENT SOLUTIONS, LLC, AND JOHN DOE, | } | |
| | } | |
| Defendants. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, John Cruz [hereinafter "Cruz"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Constar Financial Services, LLC ("CFS"), Empereon-Constar, Empereon International Member, LLC, Navient Solutions, LLC ("Navient"), and John Doe, collectively, individually and in any combination known as Defendants and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned

transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Cruz is a natural person who resides at 968 60th Street, Apt. 308, Brooklyn, NY 11219.

6. Cruz is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. CFS is an Arizona Limited Liability Corporation and a New York Foreign Limited Liability Corporation with a principal place of business located at 10400 N.25th Ave., Ste.100 Phoenix, AZ 85021.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

9. CFS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. On Exhibit A, CFS sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A, contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

11. Based upon Exhibit A and upon CFS possessing a license from the New York City

Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CFS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the above four paragraphs, CFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. Upon information and belief, Empereon-Constar directs and/or requires and/or allows its wholly owned "debt collectors" subsidiary CFS to carry out collection efforts on its behalf and for its sole benefit; and Empereon-Constar always possesses the beneficial interests in the collection accounts which its wholly owned "debt collector" CFS attempts to collect.

14. Based on the above, the principal purpose of Empereon-Constar is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. Based on the above, Empereon-Constar is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. Upon information and belief, Empereon International Member, LLC directs and/or requires and/or allows its wholly owned "debt collectors" subsidiary CFS to carry out collection efforts on its behalf and for its sole benefit; and Empereon International Member, LLC always possesses the beneficial interests in the collection accounts which its wholly owned "debt collector" CFS attempts to collect.

17. Based on the above, the principal purpose of Empereon International Member, LLC is the collection of debts using the instrumentalities of interstate commerce, including mails and

telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

18. Based on the above, Empereon International Member, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Navient is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

20. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

21. The products and services provided by Navient are described on the pages of its website annexed as Exhibit B.

22. Navient's business also consists of it and/or its wholly owned subsidiaries taking assignment of student loans originated by a bank, hiring servicers to service these loans and collect the payments due on these loans, and, upon a person's default on the repayment of these loans, hiring agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted loans.

23. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted loans are able to obtain payment, the payments are made payable to Navient and/or are received on behalf of or for the benefit of Navient.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present, Navient's wholly owned subsidiaries have been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that Navient's wholly owned subsidiaries took assignment of the loan.

25. Prior to Cruz's receipt of the letters annexed as Exhibit A, Navient took assignment of the debts which are the subject of the letters annexed as Exhibit A.

26. Based on the allegations in the above six paragraphs, the principal purpose of Navient is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

27. Based on the allegations in the above seven paragraphs, Navient is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. On January 31, 2018, CFS, on behalf of, at the request and/or with the authority of Navient, sent Cruz the letters annexed as Exhibit A to collect debts owed to Navient or the actual creditor.

29. For the reasons set forth below, Cruz's receipt and reading of the letters annexed as Exhibit A deprived Cruz of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

30. CFS, on behalf of, at the request, and/or with the authority of Navient, sent Cruz the letters annexed as Exhibit A to attempt to collect from Cruz educational loan debts. Also, the letters annexed as Exhibit A were sent to Cruz in an attempt to collect these past due debts from Cruz in his individual capacity.  Therefore, the past due debts at issue

arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

31. Navient issued work standards, directives, and/or guidelines to CFS which contained instructions, controls, and rules governing the steps CFS could and could not take to attempt to collect debts including the contents of the letters annexed as Exhibit A.

32. All the actions alleged in this Complaint taken by CFS were taken by CFS as the attorney and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Navient.

33. Upon information and belief, Empereon-Constar directs and/or requires and/or allows its wholly owned "debt collectors" subsidiary CFS to carry out collection efforts on its behalf and for its sole benefit; and Empereon-Constar always possesses the beneficial interests in the collection accounts which its wholly owned "debt collector" CFS attempts to collect.

34. Upon information and belief, Empereon International Member, LLC directs and/or requires and/or allows its wholly owned "debt collectors" subsidiary CFS to carry out collection efforts on its behalf and for its sole benefit; and Empereon International Member, LLC always possesses the beneficial interests in the collection accounts which its wholly owned "debt collector" CFS attempts to collect.

35. Based on the allegations in paragraphs 30 through 34 of this Complaint, Navient, Empereon-Constar and Empereon International Member, LLC are vicariously liable for the actions of CFS in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

## FIRST CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this Complaint.

37. The letters annexed as Exhibit A identify the creditor as "Navient Ed Credit Finance Corp".

38. Upon information and belief, there is no such entity as "Navient Ed Credit Finance Corp" and/or "Navient Ed Credit Finance Corp" is not the actual creditor.

39. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10) as a result of CFS sending Cruz the letters annexed as Exhibit A.

**SECOND CAUSE OF ACTION-CLASS CLAIM**

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this Complaint.

41. The creditor continued to accrue interest, late charges, and/or other charges on the debts which are the subject of the letters annexed as Exhibit A.

42. The letters annexed as Exhibit A do not set forth a date by which Cruz could pay the debts in order to satisfy the debts set forth in the letters annexed as Exhibit A.

43. Based on the creditor continuing to accrue interest, late charges, and/or other charges on the debts set forth in the letters annexed as Exhibit A and the letters annexed as Exhibit A not setting forth a date by which Cruz could pay the debts in order to satisfy the debts set forth in the letters annexed as Exhibit A, Cruz's prompt payment of the debts set forth in the letters annexed as Exhibit A could not have satisfied the debts set forth in the letters annexed as Exhibit A.

44. The letters annexed as Exhibit A failed to notify Cruz that the debts set forth in the letters annexed as Exhibit A may increase due to the aforementioned accrued interest, late charges, and/or other charges.

45. For one or more of the above reasons, as a result of the aforementioned omission from

Exhibit A, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10) as a result of CFS sending Cruz the letters annexed as Exhibit A.

## THIRD CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this Complaint.

47. Upon information and belief, at the time CFS sent Cruz the letters annexed as Exhibit A, the statute of limitations to commence a lawsuit to collect the debts which are the subject of the letters annexed as Exhibit A had expired.

48. The letters annexed as Exhibit A did not contain any warnings regarding the expiration of the statute of limitations to commence a lawsuit to collect the debts which are the subject of the letters annexed as Exhibit A.

49. As a result of the above, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10) as a result of CFS sending Cruz the letters annexed as Exhibit A.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-49 of this Complaint.

51. For the reasons set forth in the allegations set forth in the First and Second Cause of Action in this Complaint, the filing and/or service of Exhibit A by CFS was deceptive or misleading.

52. The letters annexed as Exhibit A, were consumer oriented for the following reasons:

    a.   They were directed at Cruz;

    b.   Cruz is a consumer;

    c.   The conduct at issue against Cruz affected or had the potential to affect

similarly situated consumers; and

d.  Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers.  The same or similar misrepresentations and deceptions set forth in the First, Second and Third Cause of Action of this Complaint were directed at numerous numbers of these consumers.

53. Cruz suffered injuries as a result of the deceptive or misleading actions including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend himself, and the emotional distress of being sued and having to defend against a lawsuit.

54. In light of the allegations in this cause of action, each of the aforementioned misrepresentations and deceptions set forth above constitute a violation of General Business Law 349 by all Defendants.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this Complaint.

56. The letters annexed as Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by Defendants in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this Complaint.

58. The letters annexed as Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by Defendants in violation of 15 USC 1692g.

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

60. The class consists of (a) all natural persons (b) who received a letter from CFS dated between January 31, 2018 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

61. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

63. The predominant common question is whether Defendants' lawsuits violate the FDCPA and/or NY GBL 349.

64. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

65. A class action is the superior means of adjudicating this dispute.

66. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          January 30, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107